UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80192-CR-Martinez

UNITED STATES OF AMERICA,

v.

BARRY T. LITTLE,

Defendant.
_____/



FILED BY _____ D.C.

MAY 21 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

### I. Background

The Defendant, BARRY T. LITTLE, appeared before the Court on May 17, 2019 for a Status re Final Hearing on the Petition for Warrant or Summons for Offender under Supervision ("Petition") [DE 374]. Defendant was originally convicted in the Southern District of Florida of possession with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), a Class C felony. On April 17, 2014, the Honorable Daniel T. K. Hurley[1], United States District Judge, sentenced Defendant to thirty months imprisonment, followed by three years of supervised release. On May 13, 2015, Defendant's sentence was amended to 24 months imprisonment, followed by three years of supervised release. [DE 324]. Defendant was also required to 1) not associate with any of the co-defendants; 2) maintain full-time, legitimate employment; 3) participate in an approved inpatient/outpatient mental health treatment program; 4) submit to a search of his person or property; 5) obtain prior written approval from the Court

---

[1] On March 14, 2018, the case was reassigned to the Honorable United States District Judge Jose E. Martinez. [DE 359].

1

before entering into any self-employment; 6) participate in an approved treatment program for drug and/or alcohol abuse. Defendant's term of supervised release commenced on November 3, 2015.

Defendant is now charged, pursuant to a Petition for Warrant or Summons for Offender under Supervision ("Petition") [DE 374], with the following supervised release violations:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 14, 2018 in Palm Beach County, Florida, the defendant committed the offense of DUI-Driving Under the Influence, contrary to Florida Statute 316.193(1).

2. **Violation of Mandatory Condition,** by failing to refrain from violation of the law. On or about October 14, 2018 in Palm Beach County, Florida, the defendant committed the offense of Resist Officer-Person Willfully Refuses to Accept and Sign Citation, contrary to Florida Statute 318.14(3).

3. **Violation of Mandatory Condition,** by failing to refrain from violation of the law. On or about October 14, 2018 in Palm Beach County, Florida, the defendant committed the offense of Corrupt by Threat Public Servant or Family, contrary to Florida Statute 838.021(3B).

4. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 14, 2018 in Palm Beach County, Florida, the defendant committed the offense of Resist Officer without Violence, contrary to Florida Statute 843.02.

5. **Violation of Standard Condition,** by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about October 14, 2018, the defendant was arrested by the Palm Beach County Sheriff's Office, and he failed to advise the U.S. Probation Officer until October 19, 2018.

## II. Summary of Hearing

At the May 17, 2019 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing.

Additionally, after being advised of his rights and the maximum penalties he is facing, Defendant admitted to allegations #1 and 5 in the Petition. The Court finds that Defendant made his waiver and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations #1 and 5, and its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegations #1 and 5 as alleged in the Petition. [DE 374]. The Government presented no evidence to support that Defendant committed allegations #2, 3, and 4, and requested that allegations #2, 3, and 4 be dismissed.

## III. Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable United States District Judge Jose E. Martinez find that Defendant has violated the terms and conditions of supervised release as to allegations #1 and 5 of the Petition. [DE 374]. The Court further recommends that United States District Judge Jose E. Martinez dismiss allegations #2, 3, and 4. It is further recommended that the matter be scheduled for sentencing before the Honorable United States District Judge Jose E. Martinez.

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Jose E. Martinez within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 21st day of May, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE